# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KEITH WRIGHT, | Case No. 2:22-cv-01539-ART-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| COLIN CONGO, et al., | |
| Defendants. | |

Incarcerated plaintiff Brian Keith Wright—proceeding pro se and *in forma pauperis*—filed a complaint against FBI agents Colin Congo and Christopher McPeak alleging violations of his constitutional rights. ECF No. 1-1. The Court screened his complaint and found that he alleged a colorable *Bivens* claim against the agents. ECF No. 9. Though the Court instructed Plaintiff regarding service of the agents, and Plaintiff complied, the Court's order lacked complete instructions. *See* ECF Nos. 11–15. As a result, Agents Congo and McPeak were individually served. ECF No. 17. However, service was not complete because the U.S. Attorney for the District of Nevada and Attorney General of the United States remained to be served. *See* ECF Nos. 18; 20.

Meanwhile, one of the Court's orders returned undeliverable. ECF No. 19. The Court directed Plaintiff to update his address and warned him that failure to do so would result in a recommendation that his case be dismissed. ECF No. 21. Because Plaintiff failed to update his address by the deadline, the Court recommended dismissal. ECF No. 23. Later, Plaintiff updated his address, and the Court resent Plaintiff its previous orders. *See* ECF No. 27. Plaintiff then filed a motion requesting that the Court order (1) Defendants to admit to all of Plaintiff's claims, or (2) trial to proceed within 30 days. ECF No. 28.

/ / /

/ / /

/ / /

## I. ANALYSIS

### A. Recommendation for Dismissal

The Court previously recommended that Plaintiff's case be dismissed for failure to update his address. ECF No. 23. But Plaintiff has since complied with the Court's order, indicating that he wishes to continue prosecuting his case. *See* ECF No. 27. Thus, the Court vacates its Report and Recommendation. As a result, Plaintiff is not required to file any objections and may disregard the September 6 objection deadline.

### B. Plaintiff's Motion

Plaintiff, under Federal Rule of Civil Procedure 36, asks the Court to either (1) order Defendants to admit to all of Plaintiff's claims, or (2) order the parties to proceed to trial within 30 days. ECF No. 28.

Under Rule 36, a party may serve requests for admission on another party through written discovery. If the party to which the requests for admission were served does not answer or object to the requests within 30 days, the requests shall be deemed admitted. FED. R. CIV. P. 36(a)(3). Here, however, Defendants have not been served, discovery deadlines have not been set, and discovery requests have not been propounded. Thus, the Court cannot deem any requests or claims "admitted." Because Defendants have not been served and this case is in its beginning stages, the Court also cannot order the parties to proceed to trial within 30 days. The Court therefore denies Plaintiff's Motion.

### C. Service

Because Plaintiff is suing two FBI agents, he must complete service pursuant to Federal Rule of Civil Procedure 4(i)(3). Rule 4(i)(3) provides that to serve a U.S. Officer in his individual capacity for an act in connection with duties performed on the United States' behalf, Plaintiff must (1) serve the United States, and (2) serve the officers under Rule 4(e). Plaintiff has already individually effected service on Agents Congo and McPeak under Rule 4(e). ECF No. 17. Thus, Plaintiff must now complete service on the United States. *See* FED. R. CIV. P. 4(i)(3).

To serve the United States, Plaintiff must (1) deliver a copy of the summons and the complaint to the U.S. Attorney for the district where his case is brought (Jason Frierson), and

(2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States (Merrick Garland) in Washington, D.C. FED. R. CIV. P. 4(i)(1)(A)–(B). The Court provides instructions below for Plaintiff to complete service through the U.S. Marshals Service.

## II.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Court's Report and Recommendation (ECF No. 23) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) deliver two copies of the summons (ECF No. 16) and two copies of the complaint (ECF No. 1-1) to the U.S. Marshals Service, and (2) mail Plaintiff two blank USM-285 forms.

**IT IS FURTHER ORDERED** that once Plaintiff receives the USM-285 forms, Plaintiff must fill in the addresses for (1) Jason Frierson, the U.S. Attorney for the District of Nevada; and (2) Merrick Garland, the Attorney General of the United States, located in Washington, D.C.

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 20, 2024 to send the completed USM-285 forms back to the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 forms, the U.S. Marshals Service shall (1) deliver to the U.S. Attorney for the District of Nevada a copy of the summons (ECF No. 16) and complaint (ECF No. 1-1), and (2) send a copy of the summons (ECF No. 16) and complaint (ECF No. 1-1) by certified or registered mail to the Attorney General in Washington, D.C.

**IT IS FURTHER ORDERED** that within 90 days of today's Order, the U.S. Marshals Service shall file the summonses returned as executed or a notice indicating why service has not been effectuated.

**IT IS FURTHER ORDERED** that if the U.S. Marshals Service files a notice indicating that service has not been effectuated, Plaintiff must file a motion with the Court identifying the unserved defendants and specifying a more detailed name and/or address for said defendants or

whether some other manner of service should be attempted within 21 days of the U.S. Marshals Service's notice.

DATED: August 30, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE