UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN KEITH WRIGHT,

Plaintiff,

v.

COLIN CONGO, et al.,

Defendants.

Case No. 2:22-cv-1539-ART-BNW

ORDER

(ECF NO. 38)

*Pro se* Plaintiff Brian Keith Wright sues Defendants Colin Congo and Christopher McPeak under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Wright alleges that Defendants, who are FBI officers, caused the loss of Mr. Wright's property during a 2017 arrest, violating of his Fourth and Eighth Amendment rights. (ECF No. 10.) Defendants move to dismiss, claiming among other things that the Court lacks subject matter jurisdiction and that Mr. Wright's claims are time-barred. (ECF No. 38.) The Court now grants Defendants' motion to dismiss.

## I.    BACKGROUND

The following facts are alleged in Mr. Wright's complaint unless otherwise noted. (ECF No. 10.) On February 10, 2017, Defendant FBI officers were searching a residence in Las Vegas. During the search, they placed Mr. Wright under arrest. While Agent McPeak handcuffed Mr. Wright, Agent Congo took some of Mr. Wright's property, including eight rings off Mr. Wright's fingers and a designer belt. Agent Congo put the rings and belt into a plastic bag. Mr. Wright watched as Agent Congo departed with the items. Since then, the rings and the belt have been lost. Agent Congo testified in another proceeding that he left the items in the residence. Mr. Wright claims that the agents recklessly or negligently caused the loss of his property. He asks for compensatory damages of $38,000,

and an additional $2 million for pain, suffering, and violations of his Fourth and Eighth Amendment rights.

Mr. Wright initiated this case on September 14, 2022. (ECF No. 1.) On April 12, 2023, Judge Weksler screened Mr. Wright's complaint and found that he had satisfied the pleading requirements for a *Bivens* claim. (ECF No. 9.) After various Court-approved delays, Defendants timely filed a motion to dismiss on March 13, 2025. (ECF No. 38.)

## II.     LEGAL STANDARD

Defendants may challenge subject matter jurisdiction by filing a 12(b)(1) motion. See Fed. R. Civ. P. 12(b)(1).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h) (3); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028-29 (9th Cir. 2023) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded

2

factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678–79.

When a plaintiff facing a Rule 12(b)(6) motion is *pro se,* their complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (stating that "we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    DISCUSSION

### A.    The Court has jurisdiction over Mr. Wright's *Bivens* claims.

Defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. They argue that read together, the Tucker Act and Little Tucker Act give the Court of Federal Claims exclusive jurisdiction over certain suits against federal officers where the amount of damages claimed exceeds $10,000, and Mr. Wright's *Bivens* action is one such suit. 28 U.S.C. § 1491(a)(1) (Tucker Act); 28 U.S.C. § 1346 (Little Tucker Act). But the Tucker Act only grants the Court of

Federal Claims jurisdiction over claims against federal officers in their official capacities, and Mr. Wright, like all *Bivens* plaintiffs, sues officers in their personal capacities. *Van Drasek v. Lehman*, 762 F.2d 1065, 1070 (D.C. Cir. 1985); *see also Kotarski v. Cooper*, 799 F.2d 1342, 1345 (9th Cir. 1986), *cert. granted, judgment vacated*, 487 U.S. 1212 (1988), *and on reconsideration*, 866 F.2d 311 (9th Cir. 1989) *Bivens* actions are "firmly within the subject matter jurisdiction of the district courts." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 563 (9th Cir. 1994). Courts routinely assess *Bivens* claims with a requested recovery of over $10,000 without declining jurisdiction. *See, e.g. Anoushiravani v. Fishel*, No. CV 04-212-MO, 2004 WL 1630240, at *2 (D. Or. July 19, 2004); *Munns v. Clinton*, 822 F. Supp. 2d 1048, 1080 (E.D. Cal. 2011).

The Tucker Act waives the United States' sovereign immunity for claims "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *U.S. v. Mitchell*, 463 U.S. 206, 216 (1983). It furthermore provides that the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States" within the grant. *Id.*; 14 C. Wright & A. Miller, Federal Practice and Procedure § 3657. Plaintiffs may also make use of the Tucker Act in suits where the United States is not named as a defendant, but "'the judgment sought would expend itself on the public treasury." *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted). The Little Tucker Act gives the federal district courts concurrent jurisdiction over claims not exceeding $10,000 in damages. 28 U.S.C. § 1346.

A *Bivens* suit is brought against federal officers in their individual capacities, does not seek a judgment that would be paid from the public treasury, and does not implicate the Tucker Act. *Van Drasek*, 762 F.2d at 1070; *see also Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016); *Janicki Logging Co. v.*

4

*Mateer*, 42 F.3d 561, 563 (9th Cir. 1994); *Johnson v. U.S. Bureau of Prisons*, 12 F.3d 1106, 1106 (9th Cir. 1993) (mem.). Neither is the Tucker Act's waiver of sovereign immunity necessary where officers are sued in their individual capacity. *Van Drasek*, 762 F.2d at 1070; *see also Kotarski*, 799 F.2d at 1345 ("Bivens actions brought against federal officials in their individual capacities for violations of a plaintiff's constitutional rights are not suits requiring the consent of the United States. The Tucker Act is therefore not implicated."). Whether read on its own or read together with the Little Tucker Act, which is an affirmative grant of jurisdiction to the district courts, the Tucker Act does not prevent this Court from exercising subject matter jurisdiction over Mr. Wright's claims.

### B. Mr. Wright's claims are time-barred.

Defendants may raise a statute of limitations defense in a motion to dismiss if the defense is apparent from the face of the complaint and the assertions of the complaint would not permit the plaintiff to prove that the statute was tolled. *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013); *Supermail Cargo, Inc., v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (citation omitted).

The statute of limitations in a *Bivens* actions is two years. "Federal law determines when a *Bivens* claim accrues, [but] the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (superseded by statute). "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). *Bivens* claims are subject to the forum state's statute of limitations for personal injury claims. *Id.* at 1156. In Nevada, the statute of limitations for personal injury claims is two years. Nev. Rev. Stat. § 11.190(4)(e).

Here, the actions giving rise to the *Bivens* injury pled by Mr. Wright occurred when he was arrested on February 10, 2017. (ECF No. 10.) Mr. Wright witnessed

Agent Congo carrying his possessions away (ECF No. 1), and likely knew of the injury, and if not, had reason to know of it at the time it occurred. He filed this action in on September 14, 2022 (ECF No. 1), about five and a half years after the injury, and about three and a half years after the statute of limitations ran.

Mr. Wright's claim is time-barred unless the doctrine of equitable tolling applies. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Mr. Wright has not alleged facts that would suggest that he faced an extraordinary circumstance that prevented him from filing, as would be required to create an exception to the statute of limitations using the doctrine equitable tolling. In response to the motion to dismiss, he alleges only that the statute of limitations for *Bivens* actions is six years. (ECF No. 46.)

Because Mr. Wright may be able to allege a basis for equitable tolling, dismissal will be granted without prejudice and with leave to refile.

The Court does not address the rest of Defendants' motion to dismiss, as alternative bases for dismissal are not necessary for decision.

## IV.   CONCLUSION

It is ordered that Defendants' Motion to Dismiss (ECF No. 38) is GRANTED.

Plaintiff's Complaint (ECF No. 10) is DISMISSED without prejudice.

It is furthermore ordered that Defendants' first Motion to Extend Time (ECF No. 55) is DENIED AS MOOT.

It is furthermore ordered that Defendants' second Motion to Extend Time (ECF No. 57) is DENIED AS MOOT.

The Clerk of Court is respectfully directed to close this case.

6

DATED: February 4, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE